**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CITY OF SCRANTON** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **3:11-cv-0529** |
| | : | **(JUDGE MARIANI)** |
| **INDIAN HARBOR INSURANCE COMPANY** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

Presently before the Court are cross-motions for summary judgment filed by Plaintiff

City of Scranton ("Plaintiff" or "Scranton") (ECF Dkt. 24), and Defendant Indian Harbor

Insurance Company ("Defendant" or "Indian Harbor") (ECF Dkt. 23). The Court is asked to

resolve whether an exclusion clause in an insurance policy permits Defendant to deny

Plaintiff coverage in an underlying litigation matter with a third party. For the reasons set

forth below, Defendant's Motion for Summary Judgment (Doc. 23), insofar as Defendant

seeks an order relieving it from any duty to defend Plaintiff in the Underlying Action, will be

denied. Defendant's duty to defend will continue unless and until the claim in the

Underlying Action is narrowed to one outside the scope of coverage. That part of

Defendant's Motion for Summary Judgment that seeks an order that it has no obligation to

provide indemnity coverage, will be denied without prejudice.

Plaintiff's Motion for Summary Judgment (Doc. 24), insofar as Plaintiff seeks an

order requiring Defendant to defend Plaintiff in the Underlying Action, will be granted.

Defendant's duty to defend will continue unless and until the claim in the Underlying Action is narrowed to one outside the scope of coverage. That part of Plaintiff's Motion for Summary Judgment that seeks an order that Defendant has an obligation to provide indemnity coverage, will be denied without prejudice.

## JURISDICTION

This matter is properly before the District Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332

## BACKGROUND

Plaintiff filed the present action for declaratory judgment in an effort to resolve a dispute between it and Defendant regarding the scope of coverage on a public officials and employment practices liability insurance policy ("Policy"). (See Pl.'s Compl., ECF Dkt. 1.) The Policy is a "claims made" policy. (See Pl.'s Compl. at ¶ 7.) Plaintiff asserts that Defendant has a duty to defend and indemnify Plaintiff under the Policy for a constitutional procedural due process claim levied against it in an Underlying Action ("Underlying Action") with a third-party. (See Pl.'s Compl. at ¶ 18.)

The Underlying Action involves the development of property within the City of Scranton by Northeast Land Development, LLC ("NELD"). In that case, NELD claims that it was improperly prevented from consummating a land development deal, and suffered substantial loss because of Plaintiff's inaction, which inaction may constitute a violation of

procedural due process. (*See* Pl.'s Compl. at ¶¶ 6-15.) The Underlying Action has been stayed pending a resolution of the present insurance coverage dispute.

In the matter presently under consideration, Plaintiff seeks a declaration that Defendant must defend and indemnify Plaintiff against all claims arising under the Underlying Action because the matter is one of intangible constitutional rights, rather than property rights. The Policy does not exclude coverage for actions against Plaintiff for alleged constitutional violations (*See* Policy at § 7, ECF Dkt. 26-1), but Defendant maintains that the Policy contains an express exclusion for coverage for "violation of property rights," and accordingly asserts that the Underlying Action presents precisely such a claim for which coverage is excluded. Defendant thus argues that NELD's suit is based upon property rights and not intangible constitutional injuries arising from a deprivation of procedural due process. (*See* Def.'s Br. in Support of Mot. Summ. J. at 6-7.)

Defendant further argues that Plaintiff was given notice prior to the commencement date of the Policy that it may be subject to a legal claim, and that the Policy does not provide coverage where "Insured had any knowledge of any circumstances likely to result in or give rise to a claim [or] could have reasonably foreseen that a claim might be made." (Pl.'s Compl. at ¶ 7.)

## STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file,

3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A district court may grant a defendant's motion for summary judgment when the plaintiff fails to provide any genuine issue of material fact. *See* Rule 56(c); *see also Krouse v. Amer. Sterilizer Co.*, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the burden to establish before the district court that the non-moving party has failed to substantiate its claims with evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1061 (3d Cir. 1990). "The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial." *See Book v. Merski*, 2009 WL 890469, at *4 (W.D. Pa. Mar. 31, 2009)(citing *Matsushita Elec. Indus. Company v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989)("the non-movant must present affirmative evidence—more than a scintilla but less than a preponderance—which supports each element of his claim to defeat a properly presented motion for summary judgment.")). The non-moving party is then charged with providing evidence beyond the pleadings to show specific facts by affidavit or by information contained "in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim." *Book*, 2009 WL 890469, at *4 (citing *Celotex*, 477 U.S. at 322; *Country Floors*, 930 F.2d at 1061).

Material facts are those whose resolution will affect the outcome of the case under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the Court is required to resolve any doubts as to the existence of material facts in favor of the non-moving party for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." *Firemen's Ins. Company of Newark, N.J. v. Du Fresne*, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment, therefore, is only precluded if a dispute about a material fact is "genuine", *viz.*, if the evidence would permit a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson*, 477 U.S. at 247-249.

## DISCUSSION

The parties' motions for summary judgment present the Court with two questions: (1) whether the Policy issued to Plaintiff by Defendant offers coverage for a constitutional claim alleging a violation of procedural due process involving a dispute over alleged property rights in the Underlying Action; and (2) whether Plaintiff had notice of a legal claim prior to the commencement of the Policy's effective start date. Each is addressed below.

At the outset, it must be noted that "[t]he obligation of an insurer to defend an action against the insured is fixed solely by the allegations in the underlying action." *United Serv's Auto Ass'n v. Elizky*, 517 A.2d 982, 985 (Pa. Super. 1986). "As long as the complaint comprehends an injury which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does

not cover." *Id.* Given the vast record developed in the Underlying Action, the Court is

empowered to look beyond the Complaint to "confine the claim" to determine the

appropriate scope of coverage. *See id.*

### I. Coverage for Alleged Procedural Due Process Violation

In *London v. PA Child Care, LLC*, No. 09-2256, 2011 WL 1304872 (M.D. Pa. Mar.

31, 2011), Judge A. Richard Caputo comprehensively outlined the considerations a court

must make in its evaluation of an insurance contract:

> The interpretation of an insurance contract is a question of law for the court to decide. *Reliance Ins. Co. v. Moessner,* 121 F.3d 895, 900 (3d Cir.1997) (citing *Standard Venetian Blind v. Am. Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (Pa.1983)). A court must give effect to the plain language of the insurance contract read in its entirety. *Reliance,* 121 F.3d at 901. When the language of an insurance policy is ambiguous, the provision must be construed in favor of the insured. *Reliance,* 121 F.3d at 900–01 (citing *Standard Venetian Blind Co.,* 469 A.2d at 566). Contract language is ambiguous if it is reasonably susceptible to more than one construction and meaning. *Bowersox v. Progressive Cas. Ins. Co.,* 781 A.2d 1236, 1239 (Pa.Super.2001) (citing *Hutchinson v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d 385, 390 (Pa.1985)). However, the language of an insurance policy may not be stretched beyond its plain meaning to create an ambiguity. *Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100, 106 (Pa.1999).
>
> The insured has the initial burden of establishing coverage under the policy. *Butterfield v. Giuntoli,* 448 Pa.Super. 1, 670 A.2d 646, 651–52 (Pa.Super.1995). On the other hand, when the insurer relies on a policy exclusion as the basis for denying coverage, it bears the burden of proving that the exclusion applies. *Mistick, Inc. v. Northwestern Nat. Cas. Co.,* 806 A.2d 39, 42 (Pa.Super.2002). Policy exclusions are strictly construed against the insurer. *Selko v. Home Ins. Co.,* 139 F.3d 146, 152 n. 3 (3d Cir.1998) (citing *Standard Venetian Blind,* 469 A.2d at 566).

An insurance carrier's duty to defend is distinct from its duty to provide coverage. It is interpreted more broadly than the duty to indemnify. *Britamco Underwriters, Inc. v. Weiner,* 431 Pa.Super. 276, 636 A.2d 649, 651 (Pa.Super.1994). An insurer may have a duty to defend even though it may have no duty to indemnify. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.,* 193 F.3d 742, 746 (3d Cir.1999).

An insurer's duty to defend is determined by the allegations in the underlying complaint. *Whole Enchilada, Inc. v. Travelers Property Casualty Co. of America,* 581 F.Supp.2d 677, 694 (W.D.Pa.2008). To determine whether there is a duty to defend, the Court must compare coverage under the policy with the factual allegations contained in the four corners of the complaint. *Id.* Consequently, whenever a complaint filed against the insured could potentially come within the policy's coverage, the insurer's duty to defend is triggered. *Belser v. Rockwood Cas. Inc. Co.,* 791 A.2d 1216, 1219, 1222 (Pa.Super.2002); *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.,* 444 Pa.Super. 221, 663 A.2d 753, 755 (Pa.Super.1995). If a single claim in a complaint containing multiple claims is potentially covered, the duty to defend attaches until the underlying plaintiff can no longer recover on a covered claim. *Frog, Switch & Mfg. Co.,* 193 F.3d at 746.

Because the duty to defend is broader than the duty to indemnify, the complaint must be construed liberally, the factual allegations must be accepted as true, and all doubts as to coverage resolved in favor of the insured. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.,* 704 A.2d 665, 669 (Pa.Super.1997). However, to prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief. *Mut. Benefit Ins. Co. v. Haver, 555 Pa. 534, 725 A.2d 743, 745* (Pa.1999). In other words, while the allegations in the underlying complaint will trigger a duty to defend, it is not the particular cause of action alleged that is determinative of whether there is coverage; instead, it is the factual allegations in the complaint that determine whether there is coverage. *Whole Enchilada,* 581 F.Supp.2d at 694.

*London ,* 2011 WL 1304872, at *2-3 (M.D. Pa. Mar. 31, 2011).

In the present matter, the Policy provides coverage to both defend and indemnify

Plaintiff against claims for constitutional violations; nevertheless, Defendant posits that the

7

restrictive language contained in the Policy's exclusions narrows the scope of such coverage. Specifically, the Policy states that Defendant will not provide coverage for: "[a]ny damages based upon or arising out of . . . injury caused by a wrongful act arising from . . . [a] violation of property rights." (See Policy, § 7(d)(7).) Defendant argues that the term "arising out of" requires the Court to employ "but for" causation, and that the lack of a specific definition of "arising out of" within the Policy does not render the construction of the term a jury question. This question has confronted Pennsylvania's courts on numerous occasions.

In Essex Ins. Co. v. RMJC, Inc., 306 F. App'x 749 (3d Cir. 2009), the Third Circuit acknowledged that the term "arising out of" is held by the courts of Pennsylvania to constitute "but for" causation. See id. at 752. In Pennsylvania, the phrase "arising out of" or "arising from" "means causally connected with, not proximately caused by." See McCabe v. Old Republic Ins. Co., 425 Pa. 221, 224, 228 A.2d 901 (1967); see also Manufacturers Casualty Ins. Co. v. Goodville Mut. Casualty Co., 170 A.2d 571, 573 (Pa. 1961)("construed strictly against the insurer, 'arising out of' [an insurance policy] means causally connected with, not proximately caused by").

These principles were most recently re-affirmed by the Third Circuit in Allstate Property and Cas. Ins. Co. v. Squires, 667 F.3d 388 (3d Cir. 2012), in which the court held that an insured's injuries "arose out of" covered usage of a motor vehicle. The Third Circuit found that "the formulation 'arising out of' is now well-settled in Pennsylvania, and has been

applied in various insurance law settings." *Squires*, 667 F.3d at 391. In coming to its conclusion that certain injuries arose out of a chain of events involving a motor vehicle crash, the Third Circuit reasoned that a litigant need only show "but for" causation to adequately establish that one claim "arose out of" another. *See id.* at 392. Accordingly, the "arising out of" language within the Policy is not ambiguous, nor is it a question of fact that could be appropriately presented to a jury. "Arising out of" clearly equates to "but for" causation.

Defendant accordingly makes the argument that the "intangible" property interest presented by Plaintiff's procedural due process claim is seamlessly interwoven with the alleged deprivation of a property right asserted by NELD concerning the development of a particular parcel of land. Defendant posits that the core right NELD seeks to vindicate in the Underlying Action cannot be divorced from a claim for damages for a violation of a property right—damages which it asserts are not covered under the Policy. Nevertheless, the question of whether NELD has a property right at the outset is, pursuant to Judge Munley's July 27, 2010 Memorandum (Underlying Action, 3:08-cv-290, ECF Dkt. 59), an unsettled question of fact that must be presented to a jury. Specifically, Judge Munley noted that "there is a genuine issue of material fact as to whether [NELD] was a valid applicant under the Development Ordinance," and such a finding would necessarily be premised upon a jury's finding of a property interest by NELD. (*See* Memorandum of July 27, 2010, 3:08-cv-290, ECF Dkt. 59.)

9

Given that the duty to defend is broader than an insurance company's duty to indemnify, Defendant must provide coverage until a determination can be made as to whether NELD has a property right, which would exclude from the Policy's coverage a violation of that right. As Defendant admits in its Memorandum of Law in Support of Defendant's Motion for Summary Judgment, "[w]here a complaint raised a claim potentially within the scope of coverage, the duty to defend remains with the insurer until the claim is narrowed to one patently outside the policy coverage." (Def.'s Br. in Supp. Mot. Summ. J. at 5 (citing *Germantown Ins. Co. v. Martin*, 407 Pa. Super. 326, 331, 595 A.2d 1172, 1174 (1991).) Thus, until there is a determination of whether there is a property right implicated in the Underlying Action, Defendant has a duty to defend Plaintiff.

If it is determined that there is no property right at issue in the Underlying Action, Plaintiff would be unable to proceed with a claim for procedural due process and the issue would be decided as a matter of constitutional law, and not one of property rights. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)(a claim for procedural due process requires the existence of an underlying substantive right); *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)(same). Accordingly, Defendant has a duty to defend Plaintiff because the existence of a property right remains an undetermined issue. If it is determined that Plaintiff's claim is predicated upon a property right, Defendant shall have the right to contest its duty to defend at that time. *See Germantown Ins. Co.,* 595 A.2d at 1174 (duty to defend continues until "claim is narrowed" to one outside scope of coverage). At the present

10

juncture, however, the Court will not make a determination as to Defendant's duty to indemnify Plaintiff in the Underlying Action, as that matter is more properly reserved for a time following a determination of the substantive rights in dispute in the Underlying Action.

II.      Question of Notice of Legal Action Prior to Policy's Effective Start Date

Although Defendant has a duty to defend Plaintiff at least until the resolution of NELD's substantive property rights in the Underlying Action, the Court's analysis must further address whether Plaintiff was put on notice at an April 20, 2006 meeting of the Scranton City Council that legal action against Plaintiff was forthcoming when NELD's Chris Speicher told Plaintiff, "I hope you would seek legal counsel on this issue." It was at this meeting that Plaintiff's Resolution that would have authorized the Mayor on behalf of the City to enter into a development agreement for the property involved in the project was tabled.

Under the express terms of the Policy, a claim is defined as a "written demand for damages or a notice advising an Insured of an intent to sue." Further, the Policy specifically states that Defendant will pay those sums which it "becomes legally obligated to pay as damages because of a wrongful act . . . provided always that": "as of the inception date of this policy, no Insured had any knowledge of any circumstance likely to result in or give rise to a claim nor could have reasonably foreseen that a claim might be made." (Policy, § A(1)(c).)

Ambiguities in coverage must be resolved in favor of the insured. *See Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900-901 (3d Cir. 1997)("[w]here a provision of a policy is ambiguous, the provision should be construed in favor of the insured and against the insurer, the drafter of the agreement"). Under Defendant's interpretation of the Policy, each time Plaintiff acts in a way that does not accede to the request of another party, the Policy would exclude those actions from its coverage. Every decision by Plaintiff which denied a claim, refused a request, or declined an offer would trigger the coverage exclusion asserted by Defendant in this case, and would render the Policy's coverage provisions and the Policy itself illusory. Further, Defendant asks this Court to relieve it of its coverage responsibility based on a single statement made twenty months before the effective date of this Policy. That statement, "I hope you would seek legal counsel on this issue," is offered without context and is, on its face, precatory and sufficiently cryptic that its utterance to Plaintiff cannot be said to have placed Plaintiff in possession of "any knowledge of any circumstance likely to result in or give rise to a claim." Nor is it a sufficient statement of a plan or an intent to make, or even the contemplation of the making of a claim such that Plaintiff should or could have reasonably "foreseen that a claim might be made."

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion for Summary Judgment (Doc. 23), insofar as Defendant seeks an order relieving it from any duty to defend Plaintiff in the Underlying Action, will be denied. Defendant's duty to defend

will continue unless and until the claim in the Underlying Action is narrowed to one outside the scope of coverage. That part of Defendant's Motion for Summary Judgment that seeks an order that it has no obligation to provide indemnity coverage, will be denied without prejudice.

Plaintiff's Motion for Summary Judgment (Doc. 24), insofar as Plaintiff seeks an order requiring Defendant to defend Plaintiff in the Underlying Action, will be granted. Defendant's duty to defend will continue unless and until the claim in the Underlying Action is narrowed to one outside the scope of coverage. That part of Plaintiff's Motion for Summary Judgment that seeks an order that Defendant has an obligation to provide indemnity coverage, will be denied without prejudice.

DATE: September 28, 2012

Robert D. Mariani
United States District Judge